# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

NNEKA PAPILLION                              §
                                            §
v.                                          §
                                            §
CONCHO COUNTY HOSPITAL                       §        CIVIL ACTION NO. 3:25-CV-1762-S
DISTRICT, DISCOVERY MEDICAL                  §
NETWORK, INC., BARBARA                       §
BOWMAN, ELIZABETH EURESTE, and               §
ANITA AGUILAR                                §

## <u>MEMORANDUM OPINION AND ORDER</u>

This Memorandum Opinion and Order addresses Defendant Discovery Medical Network's

Rule 12(b)(6) Motion to Dismiss Plaintiff Nneka Papillion's First Amended Complaint and Brief

in Support ("Motion") [ECF No. 18]. The Court has reviewed the Motion, Plaintiff's Combined

Response and Brief in Opposition to the Motion [ECF No. 26], Defendant's Reply in Support of

the Motion [ECF No. 28], Plaintiff's Sur-Reply to the Reply [ECF No. 34], and the applicable law.

For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

This case arises from alleged employment discrimination. The Court has previously

recounted the facts of this case and therefore only addresses the facts specific to Defendant

Discovery Medical Network ("DMN"). Plaintiff Nneka Papillion alleges that DMN and Defendant

Concho County Hospital District ("CCHD") acted as joint employers of Plaintiff. Pl.'s First. Am.

Pet. ("Complaint") [ECF No. 13] ¶ 4. According to Plaintiff, DMN and CCHD were joint

employers because they "shar[ed] equal responsibility for all functions related to her employment,

including payroll, benefits, and Human Resources." *Id.* Plaintiff further alleges that DMN is

vicariously liable for the actions of CCHD's employees because of their joint employer relationship. *Id.* ¶¶ 89, 94, 99, 104, 109, 115, 120, 126, 137, 162.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citation omitted). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). It only determines whether the plaintiff has stated a claim upon which relief can be granted. *See id.*

## III. ANALYSIS

DMN moves to dismiss, arguing that Plaintiff's claim of a joint employer relationship is frivolous and that, even if Plaintiff did plead it sufficiently, a joint employer relationship in and of

itself is insufficient to confer liability from one joint employer to another for alleged discriminatory acts. Mot. 3-5.[1]

A joint employment relationship exists when two or more unrelated employers "each exercise sufficient control of an individual to qualify as [her] employer." *Perry v. VHS S.A. Partners, L.L.C.*, 990 F.3d 918, 928 (5th Cir. 2021) (citation omitted). The Fifth Circuit uses a "hybrid economic realities/common law control test" to determine "whether an entity exercises enough control over an individual to qualify" as her employer. *Id.* at 928-29 (citation omitted). "The right to control the employee's conduct is the most important component of determining a joint employer." *Id.* at 929 (citation omitted). The right to control encompasses "the right to hire and fire, the right to supervise, and the right to set the employee's work schedule." *Id.* (citation omitted). The economic realities component of the test "focuses on who paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* (citation omitted).

Plaintiff alleges that DMN operated as a joint employer "sharing equal responsibility for all functions related to [Plaintiff's] employment, including payroll, benefits, and Human Resources." Compl. ¶ 4. However, Plaintiff alleges no specific facts about whether DMN had the right to hire and fire her, the right to supervise her, or the right to set her work schedule. Nor does Plaintiff allege any specific facts about whether DMN paid her salary, withheld taxes, provided benefits, or set the terms and conditions of her employment. Therefore, the Court finds that Plaintiff's conclusory allegations regarding DMN's responsibility is insufficient to support her allegation of joint employment. *See Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) ("[M]ere

---

[1] Defendant also argues that Plaintiff's defamation claim is time barred and that her intentional infliction of emotional distress claim is preempted by the Texas Labor Code. Mot. 5-6. Because the Court dismisses Plaintiff's claims for failing to adequately allege a joint employer relationship, the Court does not reach these arguments.

conclusory allegations and inferences are not sufficient to prove the required linkage" between alleged joint employers). The Court dismisses Plaintiff's claims against DMN.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Discovery Medical Network's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [ECF No. 18]. Plaintiff's claims against Defendant Discovery Medical Network are **DISMISSED**.

**SO ORDERED.**

SIGNED May 22, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

4